Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1019034)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-4983
     Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

E-FILED: 12/3/10

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>         Plaintiff,<br>     v.<br><br>**MONTEAU, INC. doing business as PARIS, LA,**<br><br>         Defendant. | Case No.: CV 10-8074 GHK (JCGx)<br><br>**CONSENT  JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Monteau, Inc. doing business as Paris, LA ("Defendant") have agreed to resolve the matters in controversy in this civil action, and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

    B.    Defendant has appeared by counsel and acknowledges receipt of a copy of the Secretary's Complaint.

    C.    Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, agree that the basis for the relief herein is that which is requested by the Complaint, and agree to the entry of this Consent Judgment in settlement of this action, without further contest;

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with it who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1) Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or others) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2) Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of MD Promise, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, an amount sufficient to pay to such employees the back wages due to them under the FLSA. The amount hereby found due to these employees is $100,889.93 for the period from August 19, 2009 through August 13, 2010. The attached Exhibit 1 shows the name of each employee, the period of employment covered by this Consent Judgment, and the gross backwage amount due to the employee.

Pursuant to the provisions of the immediately preceding paragraph, the Defendant shall not fail to deliver to the Secretary's authorized representatives at U.S. Department of Labor, Wage & Hour Division, 915 Wilshire Blvd., Suite 960, Los Angeles, CA 90017, (or such other place designated in writing by the Secretary), the following:

    A.  On or before August 20, 2010, a certified or cashier's check in the amount of $35,000.00, made payable to the order of the "Wage & Hour Div., Labor," and with the name of Defendant and "MD Promise" written thereon;

    B.  On or before Oct. 18, 2010, Oct. 25, 2010, Nov. 1, 2010, Nov. 8, 2010, Nov. 15, 2010, and Nov. 22, 2010, a certified or cashier's check in the amount of $10,000.00, payable to the order of the "Wage & Hour Div., Labor," and with the name of Defendant and "MD Promise" written thereon; and,

    C.  On or before Nov. 29, 2010, a certified or cashier's check in the amount of $5,899.93, made payable to the order of the "Wage & Hour Div., Labor," and with the name of Defendant and "MD Promise" written thereon.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

3)  Defendant agrees to discuss the following subjects with the owner or top management official of all sewing contractors with whom it does business in order to assess the sewing contractor's willingness and ability to understand and comply with the FLSA. Defendant shall maintain for a period of three years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request;

      A.    Defendant shall explain the terms of the FLSA to the contractor, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

      B.    Defendant shall discuss with the contractor whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

      C.    The Defendant shall make demand upon the sewing contractor to inform Defendant immediately whenever the contractor is unable to meet the requirements of the FLSA;

      D.    The Defendant shall make demand upon the contractor for the contractor to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant and produce those records to the Defendant and the U. S. Dept. of Labor upon their request.

4)    On at least an annual basis, Defendant shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by Defendant to determine whether the price that Defendant pays its domestic contractors is sufficient in light of the wage requirements of the FLSA. Defendant shall maintain documentation of this analysis for a period of three years and provide it to representatives of the Secretary of Labor upon their request;

5)    Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party to monitor its domestic sewing contractors to enforce the contractors' compliance with the FLSA. The monitor shall not represent either the manufacturer or contractor involved in this action in dealings with other parties or the Department of Labor. The monitoring program shall include the following components:

      A.    Random and unannounced site visits to the contractor, at least on a quarterly annual basis;

      B.    Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

   C. Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid;

   D. Disclosure to the contractor of FLSA compliance issues, if any, revealed by the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendant shall maintain for a period of three years. Defendant shall supply copies of these reports to representatives of the Secretary of Labor upon their request;

 6) Defendant shall maintain for a period of three years copies of all cutting tickets issued to its contractors and make these records available for inspection upon request from the U. S. Dept. of Labor's Wage and Hour Division;

 7) Defendant shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and make these records available for inspection to representatives of the Secretary of Labor upon their request;

 8) Defendant shall supply all of its sewing contractors with copies of the attached Exhibit 2, in English, Spanish and Korean, which summarizes terms of this Judgment and the employees' rights under the FLSA. The English and Spanish versions are attached. Defendant shall demand that its contractors distribute a copy to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractors' establishments; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: \_\_\_12/3\_\_\_, 2010

_____
U.S. DISTRICT COURT JUDGE

For the Defendant:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For:  Defendant Monteau, Inc.

By: _____            _____
      Jiya A. Yoo                                                                      Date

Its:  ___President_____

Attorneys for Defendant

_____            _____
EUGENE SALUTE                                                          Date
Salute & Associates
15760 Ventura Blvd., 16th floor
Encino, CA  91436
Tel:  (818) 981-7373, Fax:  (818) 986-0471
Attorneys for the Defendant

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____            _____
SUSAN SELETSKY, Attorney                                    Date
Attorneys for the Plaintiff,
U.S. Department of Labor

Exhibit 1

| Last name | First name | Period of Employment | Gross amount due |
|---|---|---|---|
| Albrego | Carman | 05/31/2010 – 08/09/2010 | $2,258.53 |
| Alvarez | Geremias | 08/31/2009 – 08/09/2010 | $2,788.94 |
| Barreno | Tommy | 08/31/2009 – 08/09/2010 | $2,240.05 |
| Bautista | Alejandra | 08/31/2009 – 08/09/2010 | $419.64 |
| Chay | Gabriel | 08/31/2009 – 08/09/2010 | $1,283.09 |
| Chay | Willy | 08/31/2009 – 08/09/2010 | $4,120.52 |
| Chiquil | Adolfo | 08/31/2009 – 08/09/2010 | $4,135.16 |
| Flores | Angelica | 08/31/2009 – 08/09/2010 | $5,661.80 |
| Francisco | Jaime | 05/17/2010 – 08/02/2010 | $710.80 |
| Garduno | Manuel | 05/10/2010 – 07/12/2010 | $1,084.32 |
| Gonzalez | Jaime | 05/24/2010 - 08/09/2010 | $1,685.26 |
| Gonzalez | Maria | 08/31/2009 – 08/09/2010 | $1,832.37 |
| Gonzalez | Walter | 08/31/2009 – 08/09/2010 | $1,451.93 |
| Guerrero | Irene | 08/31/2009 – 08/09/2010 | $3,036.46 |
| Hernandez | Julio | 08/31/2009 – 08/09/2010 | $3,606.79 |
| Hernandez | Pedro | 04/26/2009 – 08/09/2010 | $1,542.11 |
| Hernandez | Yamileth | 08/31/2009 – 08/09/2010 | $2,873.06 |
| Herrera | Rene | 05/03/2010 - 08/09/2010 | $1,977.01 |
| Ilma | Mayorga | 08/31/2009 – 08/09/2010 | $9,699.35 |
| Lopez | Sandra | 08/31/2009 – 08/09/2010 | $2,499.60 |
| Maldonado | Javier | 08/31/2009 – 07/05/2010 | $1,677.08 |
| Morales | Laura | 06/07/2010 – 08/09/2010 | $1,507.55 |
| N | Santos | 08/31/2009 – 08/09/2010 | $573.84 |
| Pec | Juan | 08/31/2009 – 08/09/2010 | $1,330.18 |

**Consent Judgment** (Sol #1019034)                                                         Page 7 of 10

| | | | |
|---|---|---|---|
| Ralac | Federico | 08/31/2009 – 08/09/2010 | $5,592.79 |
| Ratzan | Carlos | 08/31/2009 – 08/09/2010 | $874.88 |
| Rivera | Veronica | 08/31/2009 – 08/09/2010 | $2,689.76 |
| Rodriguez | Lucila | 06/28/2010 – 08/09/2010 | $850.25 |
| Rosas | Rogelio | 05/31/2010 – 08/09/2010 | $96.44 |
| S | Pablo | 08/31/2009 – 08/09/2010 | $1,016.70 |
| Sanchez | Lorena | 08/31/2009 – 08/09/2010 | $2,397.30 |
| Sarat | Martha | 07/12/2010 - 08/09/2010 | $1,420.46 |
| Son | Benito | 08/31/2009 – 06/21/2010 | $ 765.08 |
| Son | Jorge | 08/31/2009 – 08/09/2010 | $4,746.82 |
| Valle | Sabina | 08/31/2009 – 08/09/2010 | $5,257.34 |
| Vasquez | Lucas | 08/31/2009 – 08/09/2010 | $2,805.02 |
| Velasquez | Francisco | 08/31/2009 – 08/09/2010 | $2,189.85 |
| Alex | Unknown | 08/31/2009 – 08/09/2010 | $1,638.39 |
| Daisy | Unknown | 08/31/2009 – 08/09/2010 | $1,224.12 |
| Daniel | Unknown | 08/31/2009 – 08/09/2010 | $2,102.20 |
| Jorge | Unknown | 05/03/2010 – 08/09/2010 | $2,290.53 |
| Margaleta | Unknown | 08/31/2009 – 03/29/2010 | $1,351.12 |
| Romero | Unknown | 08/31/2009 – 08/09/2010 | $1,585.44 |

Exhibit 2

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding Monteau, Inc. dba Paris LA, a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**. All employees who work in this establishment can help **Monteau, Inc. dba Paris LA**. not to violate the Court's Order. **If you think you are not being paid in accordance with the law, call Monteau, Inc. at (213) 742-8845**. Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.

Exhibit 2

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

La Ley de Normas Razonables de Trabajo determinan que se les debe de pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que todo empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague el sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Monteau, Inc. dba Paris LA**, una fábrica de ropa, de enviar la producción a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la Ley de Norma Razonables de Trabajo. Todos los empleados que trabajan en éste establecimiento pueden ayudar a **Monteau, Inc.** a no violar la orden de la Corte. Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llame a **Monteau, Inc.**, al número (213) 742-8845, o usted también puede llamar directamente al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375. Su llamada será confidencial.

**Consent Judgment** (Sol #1019034)                                                                                   Page 10 of 10